# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES JOSEPH GANAHL,<br><br>              Plaintiff,<br><br>      v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>              Defendant. | Case No. SACV 15-01812-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On November 5, 2015, James Joseph Ganahl ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income ("SSI") benefits. The Commissioner filed an Answer on February 9, 2016. On May 17, 2016, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 49-year-old male who applied for Social Security Disability Insurance benefits and Supplemental Security Income benefits on December 23, 2010, alleging disability beginning April 13, 2010. (AR 19.) Plaintiff's claims were denied initially on March 8, 2011, and on reconsideration on August 31, 2011. (AR 19.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") John Kays on April 3, 2012, in Orange, California. (AR 19.) The ALJ issued an unfavorable decision on July 19, 2012. (AR 19-28.) The Appeals Council denied review on August 30, 2013. (AR 1-3.)

Plaintiff commenced an action in the United States District Court Central District of California on October 21, 2013 (SACV 13-1613 PJW). The Court remanded the case for further proceedings on July 30, 3014. (AR 576-691.) Pursuant to the Court's remand order, the Appeals Council directed the ALJ to offer Plaintiff the opportunity for a hearing, take any further action needed to complete the administrative record, and issue a new decision. (AR 500, 597-600.) Thus, the Plaintiff appeared and testified at a hearing[1] held before ALJ Kays on June 17, 2015, in Orange, California. (AR 500.) Claimant was represented by counsel. (AR 500.) Medical expert ("ME") Robert Campbell Thompson, M.D., appeared and testified via telephone. (AR 500.) Vocational expert ("VE") Timothy J. Farrell also appeared and testified at the hearing. (AR 500.)

The ALJ issued another unfavorable decision on July 30, 2015. (AR 500-510.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ properly determined that Plaintiff has a non-severe mental impairment.
2. Whether the ALJ fully and fairly developed the record.

---

[1] Additional medical records were submitted after the hearing and were included in the record as Exhibit 20F of the Administrative Records. (AR 500.)

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging

in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since April 13, 2010, the alleged onset date. (AR 502.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: partial-thickness left rotator cuff tear; low back pain without radiculopathy; carpal tunnel syndrome bilaterally; status post ganglion cyst removal in both wrists; and peripheral neuropathy. (AR 502-504.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 504.)

The ALJ then found that Plaintiff has the RFC to perform the following:

> Occasionally lift and/or carry 50 pounds; frequently lift and/or carry 25 pounds; stand and/or walk for 6 hours in an 8-hour workday; sit for 6 hours in an 8-hour workday; frequent fine and gross manipulation and feeling bilaterally; reach continuously in all directions with the right upper extremity and frequently with the left upper extremity; operation of foot controls continuous bilaterally; and frequently perform all posturals.

(AR 504-508.) In determining the above RFC, the ALJ made an adverse credibility determination, which Plaintiff does not challenge here. (AR 507.)

At step four, the ALJ found that Plaintiff is unable to perform his past relevant work as a drywall applicator and rough carpenter. (AR 508.) The ALJ, however, also found that, considering Claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of janitor and cook helper. (AR 509.)

Consequently, the ALJ found that Claimant was not disabled, within the meaning of the Social Security Act. (AR 510.)

**DISCUSSION**

The ALJ decision must be affirmed. The ALJ properly determined that Plaintiff has a nonsevere mental impairment. The ALJ did not fail to develop the record fully and fairly. The ALJ's nondisability determination is based on substantial evidence and free of legal error.

**I. THE ALJ DID NOT ERR IN DETERMINING THAT PLAINTIFF HAS A NONSEVERE MENTAL IMPAIRMENT**

Plaintiff contends that the ALJ erred in finding Plaintiff's mental impairments nonsevere at step two of the sequential process. The Court disagrees.

**A. Relevant Federal Law**

At step two of the sequential inquiry, the ALJ determines whether the claimant has a medically severe impairment or combination of impairments. Bowen, 482 U.S. at 140-41. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. The ALJ, however, must consider the combined effect of all the claimant's impairments on his ability to function, regardless of whether each alone was sufficiently severe. Id. Also, the ALJ must consider the claimant's subjective symptoms in determining severity. Id.

The step two determination is a de minimis screening device to dispose of groundless claims. Bowen, 482 U.S. at 153-54. An impairment or combination of impairments can be found nonsevere only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work. See SSR 85-28; Webb v. Barnhart, 433 F.3d 683, 686-87 (9th Cir. 2006); Smolen, 80 F.3d at 1290; Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988) (adopting SSR 85-28). If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential process should not end at step two. Webb, 433 F.3d at 687 (adopting SSR 85-28).

**B. Analysis**

Plaintiff has the medically determinable mental impairments of history of alcohol abuse and major depressive disorder. (AR 503.) The ALJ, however, found that these impairments do

not cause more than minimal limitation in the Claimant's ability to perform basic mental work activities and are, therefore, nonsevere. (AR 503.)

The ALJ based his finding on both the medical evidence of record and the February 23, 2011 psychiatric review technique assessment of Dr. Alvin Smith, Ph.D. (AR 503, 352-362.) Dr. Smith found Plaintiff to have only mild limitations in activities of daily living, social functioning and concentration, persistence and pace, and no episodes of decompensation of extended duration. (AR 503-504.) Plaintiff does not discuss Dr. Smith's assessment in the Joint Stipulation. (JS 3-11.) Nor does Plaintiff cite to any contrary medical opinion in the record.

Plaintiff's contention that the ALJ erred in finding that Plaintiff did not have a severe mental impairment at step two of the sequential process would be harmless in any event, even if it were true. Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir. 2007) (failure to mention bursitis at step two harmless where ALJ considered any limitations posed by bursitis at step four). Here, the ALJ found that Plaintiff had severe physical impairments (AR 502), proceeded with the disability analysis, and considered Plaintiff's mental impairments, severe and nonsevere, in determining his RFC. (AR 506, 507.)

The ALJ, for example, noted a four day psychiatric hospitalization in 2010 for voicing depression after a relapse on alcohol following 13 months of sobriety. (AR 506.) On discharge with Wellbutrin, he was doing a lot better, was sober, and his mood was stable. (AR 506.) He no longer had suicidal or homicidal ideations. (AR 506.) He was diagnosed with major depressive disorder and alcohol dependence. (AR 506.) In January 2014, Plaintiff was hospitalized again for being suicidal. (AR 506.) He was found to suffer from mood disorder and alcohol abuse. (AR 506.) He completed detoxification and was placed on Zyprexa and Zoloft, which stabilized his mood. (AR 506-507.) He was diagnosed with mood disorder and alcohol abuse/dependence. (AR 507.) In March 2014, he reported methamphetamine use. (AR 507.) In September 2014, after relapsing on alcohol, Plaintiff entered rehabilitation and had six weeks of sobriety. (AR 507.) On mental status examination, speech and motor activity were normal. (AR 507.) Concentration was only slightly impaired. (AR 507.) He had no

current suicidal ideation. (AR 507.) He had no signs of psychosis and understood the need for treatment. (AR 507.) He demonstrated poor control of his impulses when under the influence of alcohol or drugs. (AR 507.) He was diagnosed with mood disorder and alcohol and methamphetamine dependence. (AR 307.)

The ALJ, moreover, found that Plaintiff's subjective symptom allegations were "not entirely credible." (AR 507.) Plaintiff did not challenge the ALJ's adverse credibility determination. In particular, the ALJ found that Plaintiff was less than credible because there were significant gaps in treatment, relatively infrequent trips to the doctor, and there were periods when he did not undergo any treatment at all, despite allegedly disabling symptoms. (AR 307.) The ALJ found that Claimant's treatment was conservative and sporadic, which undercuts his claim of disabling impairments. An ALJ may consider conservative treatment in evaluating credibility. Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008). Here, the medical evidence of Plaintiff's mental impairments described above shows substantial gaps in treatment with periodic episodes of short hospitalization stays precipitated by alcohol and drug abuse, treated successfully with medication and sobriety. Impairments that can be controlled effectively with medication are not disabling. Warre v. Comm'r of Soc. Sec., 439 F.3d 1001, 1006 (9th Cir. 2006).[2]

The ALJ took into account Plaintiff's mental impairments in determining his RFC and concluded that no limitations were warranted. The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay

---

[2] The ALJ made numerous findings regarding Plaintiff's dependence on alcohol and drugs. (AR 506-507.) An individual is not considered disabled if alcoholism or drug addiction is a contributing, material factor in determining disability. 42 U.S.C. § 423(d)(2)(C); 20 C.F.R. § 416.935. The ALJ, however, never mentioned this authority nor made a specific finding that alcohol and drugs were a contributing material factor to his mental impairments. Thus, all that can be said is that Claimant's alcohol and drug abuse cannot by themselves be a basis for disability.

evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

Plaintiff attempts to support his contention that the ALJ erred in evaluating his mental impairments by citing his psychiatric diagnosis, but an impairment alone does not establish mental work-related limitations. Sample v. Schweiker, 694 F.2d 639, 642-43 (9th Cir. 1982) (impairment alone is not disabling). Plaintiff also relies on Global Assessment of Functioning (GAF) scores, but the Ninth Circuit has held that GAF scores are "merely a rough estimate of an individual's psychological, social or occupational functioning used to reflect an individual's need for treatment" and do not have "any direct correlative work-related or functional limitations." Merritt v. Colvin, 577 Fed. Appx. 468, 670 (9th Cir. 2014).

Plaintiff disagrees with the ALJ's evaluation of the medical evidence regarding Plaintiff's mental impairments but it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995). Where the ALJ's interpretation of the record is reasonable, as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ did not err in finding Plaintiff's mental impairments nonsevere or in omitting any mental limitations in Plaintiff's RFC. The ALJ's findings are supported by substantial evidence.

**II.     THE ALJ DID NOT FAIL THE DEVELOP THE RECORD FULLY**

Plaintiff contends that the ALJ failed to fully develop the record. More specifically, Plaintiff asserts that the ALJ should have ordered a mental health consultative examination because most of the mental health records are from 2014 and 2015. The Court disagrees.

In Social Security cases, the ALJ has an independent duty to develop the record fully and fairly and to assure that a claimant's interests are considered. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001). Ambiguous evidence or the ALJ's finding that the record is inadequate to allow for proper evaluation of the evidence triggers the ALJ's duty to "conduct an appropriate inquiry." Id. Additionally, Social Security regulations provide for the purchase of a consultative examination when information necessary is not available from existing medical

records or there is an inconsistency in the evidence or the evidence is insufficient to make a decision on a claim. 20 C.F..R. § 404.1519a.

The ALJ did not have any duty to order a consultative examination or to develop the record further. The ALJ fully considered the 2014 and 2015 records. (AR 500 (indicating that medical records submitted after the hearing were carefully considered).) The ALJ found that the medical and other evidence of record did not support the inclusion of mental limitations in Plaintiff's RFC. There were no ambiguities or inconsistencies in the record that would warrant a consultative examination, nor was the record insufficient to make a decision on Plaintiff's claim. Plaintiff does not even identify any ambiguities in the record. Plaintiff also never addresses the gaps in treatment, or successful relief with medication and sobriety, or the ALJ's adverse credibility determination.

Plaintiff's disagreement with the outcome of the ALJ's RFC is not a basis for requiring the ALJ to further develop the record. The ALJ did not fail to develop the record fully.

\* \* \*

The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: June 23, 2016                    */s/ John E. McDermott*
                                         JOHN E. MCDERMOTT
                                         UNITED STATES MAGISTRATE JUDGE